Filed 1/6/15  P. v. Merriman CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOMINIQUE ANDRE MERRIMAN,<br><br>    Defendant and Appellant. | B254085<br><br>(Los Angeles County<br>Super. Ct. No. SA078920) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Dominique Andre Merriman appeals from the trial court's denial of his motion to withdraw his plea. We affirm.

Merriman was arrested and charged in an information with committing six counts of second degree robbery against separate victims (Pen. Code, § 211),[1] one count of kidnapping (§ 207, subd. (a)) and one count of kidnapping to commit robbery (§ 209, subd. (b)(1)) in August and September 2013. As to all counts, the information specially alleged Merriman had personally used a deadly and dangerous weapon in the commission of the offenses (§ 12022, subd. (b)(1) and suffered a prior serious or violent felony conviction (for robbery in Oregon) within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and section 667, subdivision (a)(1).

Merriman was represented by appointed counsel, deputy public defender Many. Merriman's motion to replace appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*)) was heard and denied.

On February 14, 2013, Merriman entered a negotiated plea of no contest to kidnapping and one count of second degree robbery and admitted the weapon-use and prior conviction allegations. As part of the plea agreement, Merriman was to be sentenced to an aggregate state prison term of 24 years and the remaining counts were to be dismissed. At the time he entered his plea Merriman, who was represented by Ms. Many, was advised of his constitutional rights and the nature and consequences of the negotiated agreement. The trial court found a factual basis for the plea and expressly found Merriman's waivers and plea were voluntary, knowing and intelligent. The sentencing hearing was continued to June 17, 2013.

In June 2013, Merriman's case was transferred from the Beverly Hills Courthouse to the Airport Courthouse, where his proceedings were handled by three different bench officers and a different public defender, Patsy Ward, assumed Merriman's representation.

---

[1] Statutory references are to the Penal Code.

2

Prior to sentencing, on June 17, 2013, Merriman told the trial court (Judge R. Dabney) that his prior appointed counsel, Ms. Many, had advised him to plead guilty before his case was transferred to the Airport Courthouse, where Merriman could then have his plea withdrawn and receive a fairer trial than at the Beverly Hills Courthouse. The court initially appointed independent counsel (a bar panel attorney) to determine whether Merriman had a valid basis to withdraw his plea and continued the hearing, but then vacated the order the same day.

On June 26, 2013, Merriman appeared for sentencing with deputy public defender Ward and before Judge Marsha Revel, the same bench officer who had presided over Merriman's plea hearing. Merriman again requested to withdraw his plea, this time claiming Ms. Many had advised him to enter a plea and waive time for sentencing so he could delay the proceedings four months to retain counsel to file a motion to withdraw his plea.[2] At this point, Ms. Ward declared a conflict on behalf of the public defender's office and suggested that independent counsel be appointed to investigate Merriman's latest claim. Judge Revel agreed, relieved the public defender's office and appointed bar panel attorney Paul Cohen for that purpose.

On November 18, 2013, Merriman appeared with Mr. Cohen who had filed a motion to withdraw Merriman's plea on the ground Ms. Many had assured Merriman that if he entered a negotiated plea, he could later retain counsel, have his plea withdrawn and proceed to trial. Because there were no declarations filed in support of the factual allegations, the prosecutor asked the trial court (Judge Dabney) to summarily deny the motion and sentence Merriman. The court suggested that an evidentiary hearing be scheduled at which Ms. Many could testify. If declarations were submitted in the interim, the hearing date would be vacated. Claiming Mr. Cohen had provided ineffective assistance by failing to file the necessary declarations, Merriman requested to

---

[2] Although the record does not indicate that Judge Dabney had ruled on Merriman's motion to withdraw his plea, there was some discussion at the June 26, 2013 hearing that Judge Dabney had denied the motion after vacating his order to appoint a bar panel attorney.

3

represent himself (*Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562]). Judge Dabney granted the motion, relieved Mr. Cohen as counsel of record and continued the hearing on the motion to withdraw the plea to December 19, 2013.

Merriman filed a motion to disqualify Judge Dabney, which was heard on December 12, 2013. Judge Dabney denied the motion as untimely and unfounded, but nonetheless recused himself and transferred the case to the courtroom of Judge Mark E. Windham.

On December 19, 2013, Merriman appeared before Judge Windham for a hearing on the motion to withdraw his plea. Merriman presented no evidence in support of the motion, and it was denied. Merriman's motion to continue the hearing was heard and denied. Judge Windham sentenced Merriman in accordance with the plea agreement to an aggregate state prison term of 24 years: 16 years (double the upper eight-year term under the three strikes law) for kidnapping; two years (one-third the middle term doubled) for robbery, plus one year for the weapon-use enhancement and five years for the serious felony enhancement. The court awarded Merriman a total of 922 days of presentence custody credit. The court ordered Merriman to pay restitution to the victims and statutory fines, fees and assessments.

Merriman filed a hand-printed notice of appeal from the denial of his motion to withdraw his plea.[3] We appointed counsel to represent Merriman on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On August 8, 2014, we advised Merriman he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response to date.

---

[3] Merriman also requested a certificate of probable cause, which Judge Windham granted.

4

We have examined the record and are satisfied Merriman's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.) The post-judgment order denying Merriman's motion to withdraw his plea is affirmed.


ZELON, J.


We concur:


WOODS, Acting P. J.


FEUER, J. [*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.